IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| PAUL FURRELL, et. al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-4292-CV-C-NKL |
| ) | |
| MORGAN COUNTY DIVISION OF ) | |
| FAMILY SERVICES, et. al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

Pending before the Court are several motions by Paul Furrell and others [Docs. ## 29, 33, 57, 63, 78, 79, 84], and one motion by Defendant Shenkel [Doc. # 66]. For the following reasons, the Court DENIES the motions in Documents ## 33, 79, 84, and DENIES as moot the motions in Documents ## 29, 57, 63, and 78.

**I.    Motion to Appoint counsel**

Furrell has filed a motion to appoint counsel [Doc. # 33]. A civil litigant has no constitutional or statutory right to a court-appointed attorney. *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985). The decision of whether to appoint counsel in a particular case lies within the discretion of the district court. *See Rayes v. Johnson*, 969 F.2d 700, 702-03 (8th Cir. 1992).

In *Rayes*, the Eighth Circuit set forth a number of factors to be considered by the district court in deciding whether to appoint counsel. The factors include, without limitation:

(1) whether the claim is frivolous or malicious; (2) whether the pleadings state a *prima facie* case; (3) the plaintiff's inability to obtain counsel; and (4) the plaintiff's need for an attorney. *Rayes*, 969 F.2d at 703.

After consideration of these factors, the Court finds that appointment of counsel is not warranted at this time. First, Furrell never claims that he ever attempted to obtain counsel. Second, it is unclear from the Complaint whether Furrell's claim is frivolous and whether he states a *prima facie* case. The Court has already dismissed Furrell's equitable claims on grounds of *Younger* abstention, because those claims asked the Court to interfere with pending state custody proceedings. [Doc. # 111]. Further, Furrell's claims for damages are all brought against individuals for their part in these custody proceedings. These claims will involve issues of sovereign immunity, and many of these claims have already been dismissed on that basis. *Id.* Third, Furrell's need for an attorney is not great. Furrell admits that the Plaintiffs are "knowledgeable and literate" and that they "have all the resources to research" legal issues. [Doc. # 33 at 1]. Furrell's only arguments to the contrary are that the case is "becoming more complex than a lay person may be able to understand", that not all legal research materials are available for free on the internet, that Defendants have expensive attorneys, and that Plaintiffs are indigent. [Doc. # 33 at 1-2]. But these assertions fail to demonstrate that Furrell's need for counsel is greater than that of pro se plaintiffs, generally. The Court thus denies Furrell's request for an attorney at this time.

**II.     Motions for Discovery**

Furrell has filed two motions for discovery, which ask Defendants to produce certain documents. The Court has made clear that it will not entertain any discovery motions that do not fully comply with Local Rule 37.1. [Doc. # 48 at 2]. The two motions for discovery filed by Furrell do not comply with Rule 37.1(a) in that they do not certify that Furrell "has in good faith conferred or attempted to confer by telephone or in person with opposing counsel concerning the matter prior to filing the motion." The Court therefore denies these motions without prejudice.

## III. Motion to Dismiss Plaintiff and Motion to Rejoin Plaintiff

Plaintiff Hagan asked the Court to dismiss her as a party [Doc. # 29], but later asked to rejoin the litigation as a Plaintiff [Doc. # 63]. Because granting these motions would have the same effect as denying them, the Court denies as moot both of these motions.

## IV. Motions to Introduce Evidence

Furrell filed a motion to introduce nineteen evidentiary exhibits in support of Furrell's claims. [Doc. # 78]. This filing does not claim that these exhibits pertain to any pending motion in the lawsuit. Furrell has not indicated that he wishes for this filing to be treated as a motion for summary judgment, and the filing would not comply with Local Rule 56.1, governing summary judgment motions. Because these exhibits do not pertain to any particular pending motion, granting Furrell's motion to admit them would have no effect on the lawsuit. The Court thus denies as moot Furrell's motion to introduce these exhibits at this time.

3

Similarly, Furrell filed a "Notice of filing timeline for Case", which discusses the facts of his case but does not claim nor pertain to any pending motion in the lawsuit. [Doc. # 60]. Defendants Witt and McLaughlin filed a Notice of Response, stating: "to the extent this Court treats plaintiffs' filing as a Motion for Summary Judgment, defendants request that this Honorable Court either strike plaintiffs' 'Note' or provide defendants an opportunity to fully respond to plaintiffs' allegations." [Doc. # 64]. Defendant Shenkel filed a motion to join this Notice of Response. [Doc. # 66]. Because the Court does not treat Furrell's "Notice of filing timeline for Case" as a motion for summary judgment, the Court dismisses as moot the requests in Defendants' Notices of Response.

## V. Motion to Admit Plaintiffs' Statements

Furrell has filed a "Motion for order to Admit Plaintiffs' Statements as all Defendants Answer to Motion for More Definite and Certain Statement", which provides a narrative of the facts of this case. [Doc. # 79]. Furrell appears to argue that he is filing this statement in response to requests by Defendants that the Court order Furrell to file a more definite statement under Federal Rules of Civil Procedure 12(e). But the Court has not granted any such request and therefore has not ordered a more definite statement from Furrell. Thus, this motion is, in reality, another motion by Furrell to amend his Complaint. Justice requires denying this motion for the same reason the Court has denied previous motions to amend by Furrell, because Furrell's motions to amend in this case have been "numerous and inconsistent, and granting motions made in this way would unfairly prejudice the Defendants,

4

who would have to prepare for a different case every few days in order to keep up with Furrell's proposed amendments." [Doc. # 111 at 12-13].

## VI. Motion to Combine all Mailings

Furrell has filed a "Motion To Combine Plaintiffs Mailings" stating that the "Plaintiffs in this case would like to receive only one mailing from each of Defendants [sic] Attorneys and the Court." [Doc. # 84]. This motion does not affect the disposition of the pending lawsuit and is an inappropriate use of the docket sheet. The Court denies the motion.

## VII. Conclusion

Accordingly, it is hereby ORDERED that Plaintiff Furrell's Motion to appoint counsel [Doc. # 33], Motion to admit Plaintiff's statements [Doc. # 79], and Motion to combine Plaintiff's mailings [Doc. # 84] are DENIED. Plaintiffs' Motions for discovery [Docs. ## 57, 71], Motion to introduce evidence [Doc. # 78], Motion to dismiss Plaintiff Hagan [Doc. # 29], and Motion to rejoin Plaintiff Hagan to the case [Doc. # 63], are DENIED as moot. Defendant Shenkel's Motion to join response to Plaintiffs' Note/Timeline [Doc. # 66] is DENIED as moot.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: May 7, 2012
Jefferson City, Missouri